United States Courts
Southern District of Texas
FILED

DEC 2 9 2009

Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALLEN RANDOLPH WARE | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 2:09-CV-323 |
| | § | (Jury Trial Demanded) |
| MINERVA JUAREZ AND SOUTH | § | |
| TEXAS FAMILY PLANNING AND | § | |
| HEALTH CORPORATION | § | |

## ALLEN RANDOLPH WARE'S MOTION TO REMAND

TO THE HONORABLE DISTRICT COURT JUDGE:

Plaintiff, Allen Randolph Ware, files his motion to remand and in support would respectfully show the Court as follows:

### SUMMARY OF ARGUMENT

This tort case must be remanded to state court on the grounds that this Court does not have federal question jurisdiction. Plaintiff seeks his fees and costs for filing this motion to remand on the grounds that Defendant's removal does not state an arguably legitimate basis for removal.

### FACTUAL BACKGROUND

Plaintiff filed this tort action on October 22, 2009. The Defendants were promptly served and filed their answers on November 20, 2009. Defendants filed their first notice of removal on November 20, 2009. That notice of removal was stricken by this Court on November 24, 2009. Defendants filed a subsequent removal on November 30, 2009, thirty-four (34) days after service on Defendant, South Texas Family Planning and Health Corporation.

Plaintiff's Original Petition alleges that Defendants' actions constitute a public nuisance, were negligent, and intentionally interfered with Plaintiff's rights to raise his minor daughter. The lawsuit is a tort action between a Texas resident and two (2) Texas Defendants seeking tort damages.

Defendants assert a general denial and removed this case to federal court claiming that there is a substantial question of federal law.[1] Notice of Removal Docket #4 at 2. The federal question allegedly arises from Defendants' assertion (in their Notice of Removal) that Defendants operate pursuant to Title X of the Public Health Service Act which must be construed to determine Plaintiff's tort claims.

## ARGUMENT & AUTHORITIES

### A. Standard for Removal

A civil action may only be removed if it originally could have been brought in federal court. 28 U.S.C. § 1441(a). The removing party has the burden to establish the facts that support federal jurisdiction. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). Because removal deprives a state court of an action that is properly before it, the removal statutes must be strictly construed. *Willy*, 855 F.2d at 1164.

Federal question jurisdiction exists when the action arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. "To determine whether the claim arises under federal law, we examine the 'well-pleaded' allegations of the complaint and ignore potential

---

[1] The removing defendants do not claim diversity as a basis for removal.

defenses: '[A] suit arises under the Constitution and laws of the United States *only* when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution.'" *Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 6, 123 S. Ct. 2058, 2062 (2003) (emphasis added) (*quoting Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152, 29 S. Ct. 42 (1908).

Plaintiff's Original Petition does not reference or rely on any federal constitutional provision or statute, but rather on Texas common law. Public nuisance, negligence, and interference with the parent-child relationship are state causes of action.

### B. Federal Jurisdiction is Determined Pursuant to the Well Pleaded Complaint Rule

A state court claim "may be removed to federal court in only two circumstances - when Congress expressly so provides. . . or when a federal statute wholly displaces the state - law cause of action through complete preemption." *Beneficial Nat'l Bank,* 539 U.S. at 8, 123 S. Ct. at 2063. With few exceptions, a Court determines federal jurisdiction "solely from when appears on the face of the plaintiff's complaint." *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 9-10, 103 S. Ct. 2841 (1983); *see also Beneficial Nat'l Bank,* 539 U.S. at 6, 123 S. Ct. at 2062.

Defendants do not claim any federal statute authorizes removal or mandates federal jurisdiction in this case, that Title X "wholly displaces" state law, nor do they rely on anything in Plaintiff's Original Petition for their claim of federal jurisdiction. Rather, Defendants claim that their defense is based upon a federal statute. Over a hundred years ago, the Congress eliminated federal question jurisdiction based upon a federal defense, "[t]hus it is now settled law that a case

may *not* be removed to federal court on the basis of federal defense. . ." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 393, 107 S. Ct. 2425, 2430 (1987) (emphasis in original) (construing 1887 amendment deleting federal jurisdiction based upon federal defense).

Defendants cannot establish facts supporting federal jurisdiction because Plaintiff's Original Petition is grounded in Texas common law and Defendants' assertion of a federal statute to defendant against Plaintiff's claims does not confer federal jurisdiction.

### C. Attorney's Fees Are Properly Awarded to a Successful Plaintiff in a Remand Motion When the Notice of Removal is not Objectively Reasonable

Section 1447(c) authorizes attorney's fees and costs in a successful motion to remand. 28 U.S.C. 1447(c). Such fees and costs are only awarded when the grounds for removal are not objectively reasonable. *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141, 126 S. Ct. 704, 711 (2005); *Valdes v. Wal-Mart Stores,* 199 F.3d 290, 293 (5th Cir. 2000).

Defendants' position that a federal defense gives rise to federal question jurisdiction is not objectively reasonable. The United States Supreme Court decided that issue against Defendants' position at least 20 years ago. *Caterpillar, Inc.,* 482 U.S. at 393, 208 S. Ct. at 2430. When a party cannot demonstrate an objectively reasonable basis for removal an award of attorney's fees and costs for all activities in federal court that would not have been incurred but for the removal is proper.

### CONCLUSION

Because Defendants asserted basis for federal jurisdiction does not as a matter of law confer removal jurisdiction, the case must be remanded to the state court where it was filed. Plaintiff should recover his reasonable attorney's fees and costs.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully requests that the Court grant his motion to remand, order Defendants to pay his attorney's fees and costs, and that he have such other and further relief as he may show himself justly entitled.

Respectfully submitted,

**THE LAW OFFICE OF HECTOR P. GONZALEZ**
Physical Address: 3884 E. Hwy 44
Mailing Address: P. O. Box 3728
Alice, Texas 78333-3728
Telephone: (361) 668-0325
Facsimile: (361) 668-4249

By _____
Hector P. Gonzalez
Federal I.D. No. 30102

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of *Allen Randolph Ware's Motion to Remand* has been forwarded to opposing counsel on this 29th day of December, 2009:

*Via Fax No. (361) 888-7697*
*& CMRRR*
Mr. Robert Anderson
Ms. Jordan M. Anderson
ANDERSON, LEHRMAN, BARRE & MARAIST, L.L.P.
Gaslight Square
1001 Third Street, Suite 1
Corpus Christi, Texas 78404

_____
Hector P. Gonzalez