UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ALLEN RANDOLPH WARE, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. C-09-323 |
| § | |
| SOUTH TEXAS FAMILY PLANNING § | |
| AND HEALTH CORPORATION, *et al*, § | |
| § | |
| Defendants. § | |

## ORDER

On this day came on to be considered Defendants South Texas Family Planning and Health Corporation and Minerva Juarez's motion to dismiss for failure to state a claim. (D.E. 13.) For the reasons set forth below, the Court GRANTS Defendants' motion and hereby DISMISSES this action pursuant to Federal Rule of Civil Procedure 12(b)(6) (D.E. 13.)

### I.   Factual and Procedural Background

Plaintiff Allen Ware is the father of a fourteen-year old girl. Ware alleges that his daughter visited with Defendants South Texas Family Planning and Health Corporation ("STFP") and Minerva Juarez, the director of the STFP clinic in Kingsville, Texas for "help and advice." (D.E. 1, Ex. 1, p. 5.) According to Ware, Defendants gave the "morning-after" emergency contraceptive pill to his daughter. (Id.) Ware contends that Defendants unlawfully supplied his daughter with the morning-after pill, without first obtaining parental consent. (Id. at 4-6.)

Ware sued Defendants STFP and Juarez on Ware's own behalf in Texas state court on October 22, 2009, alleging three causes of action: negligence, public nuisance,

and "intentional interference of the rights, duties and powers of the Plaintiff who has the duty, moral and legal responsibility [sic] to raise his child in a religious and moral manner." (D.E. 1, Ex. 1, p. 6.)  Defendants then removed the case to this Court on November 20, 2009. (D.E. 1.)  Plaintiff moved to remand this action for lack of federal question subject matter jurisdiction. (D.E. 7.)  The Court struck Plaintiff's remand motion because Plaintiff failed to comply with Local Rules 11.3.A and 7.1.C.  The Court held an initial pretrial conference on January 14, 2010.

## II.     Discussion

### A.     Jurisdiction

Plaintiff argues that this Court lacks federal-question subject matter jurisdiction over this action because "Plaintiff's Original Petition does not reference or rely on any federal constitutional provision or statute, but rather on Texas common law." (D.E. 7.) However, even where Plaintiff's complaint alleges only state law claims, the district court still has federal question jurisdiction over the action if "the state law claims necessarily raise a federal issue." Bernhard v. Whitney Nat. Bank, 523 F.3d 546, 551 (5th Cir. 2008). This is because "'a plaintiff may not defeat removal by omitting to plead necessary federal questions.  If a court concludes that a plaintiff has 'artfully pleaded' claims in this fashion, it may uphold removal even though no federal question appears on the face of plaintiff's complaint.  Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475 (1998);

In the present case, one of Plaintiff's causes of action against Defendants is what he refers to as the "intentional interference of the rights, duties and powers of the Plaintiff who has the duty, moral and legal responsibility [sic] to raise his child in a religious and moral manner" (hereinafter Plaintiff's "parental rights claim").  (D.E. 1, Ex. 1, p. 6.)

According to Plaintiff's complaint, Defendants violated Plaintiff's parental rights by failing to obtain parental consent before providing the morning-after pill to Plaintiff's daughter.[1] (Id.) Defendants, however, operate pursuant to Title X, Public Health Service Act 42 U.S.C. § 300 et seq., which prohibits participants from requiring parental consent for the provision of services to minors. Jane Does 1 though 4 v. State of Utah, 776 F.2d 253, 255 (10th Cir. 1985) ("[A]s always, the agency action must not be in violation of statutory authority.  In this regard … [Defendant] is for all practical purposes here attempting to perpetuate its proposed regulation as to [parental] consent heretofore held invalid as a violation of Title X.")  Because Title X prohibits Title X participants, such as Defendants, from requiring parental consent for the provision of services to minors, and because Plaintiff provides no other basis for his parental rights claim than that Defendants failed to obtain parental consent, Plaintiff's parental rights claim against Defendants necessarily raises a federal issue concerning the applicability of Title X.  This is the case even though Plaintiff purports to raise only state-law claims. Federated Department Stores, Inc. v. Moitie, 452 U.S. 394, 397 n. 2 (1981) (holding that the lower court properly found that respondents 'had attempted to avoid removal jurisdiction by 'artful[ly]' casting their 'essentially federal law claims' as state-law claims.")  "As one treatise put it, courts 'will not permit plaintiff to use artful pleading to close off defendant's right to a federal forum … [and] occasionally the removal court will seek to determine whether the real nature of the claim is federal, regardless of the plaintiff's characterization.'" Federated Department Stores, Inc. v. Moitie, 452 U.S. 394, 397 n.2 (1981) (citing 14 C. Wright, A. Miller, & E. Cooper, Federal Practice & Procedure §

---

[1] When asked at the initial pretrial conference to clarify what was meant by his parental rights claim, Plaintiff's counsel offered only that "it's always been understood that people don't interfere with a person's children." (Plaintiff's counsel, January 14, 2010 initial pretrial conference.)

3722, p. 564-566 (1976)).  Accordingly, the Court has federal question subject matter jurisdiction over this action pursuant to Title X, 42 U.S.C. § 300 et seq.

### B.     Federal Rule of Civil Procedure 12(b)(6)

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief – including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'"  Cuvillier v. Sullivan, 503 F.3d 397, 401 (5th Cir. 2007) citing Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007).  "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should … be exposed at the point of minimum expenditure of time and money by the parties and the court.'"  Cuvillier, 503 F.3d at 401 citing Twombly, 127 S.Ct. at 1966 (internal citations and quotations omitted).  In deciding a motion to dismiss "[w]e must accept all well-pleaded facts alleged in the complaint as true and must construe the allegations in the light that is most favorable to the plaintiff."  Cent. Laborers' Pension Fund v. Integrated Elec. Servs., 497 F.3d 546, 550 (5th Cir. 2007) (citing Plotkin v. IP Axess Inc., 407 F.3d 690, 696 (5th Cir. 2005).  "Nevertheless, '[w]e do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.'"  Id.  In the present case, Plaintiff purports to raise three causes of action: negligence, public nuisance, and his parental rights claim.  The Court will address each cause of action in turn.

### 1.     Negligence

Plaintiff alleges in his complaint that Defendants were negligent, but he makes no specific factual allegations of negligence.  (D.E. 4, Ex. 1.)  When asked at the initial

pretrial conference if he could clarify how Defendants acted negligently, Plaintiff's counsel stated: "a 14-year old girl goes there and she is not given any advice and is not told what could be the physical consequences of taking that pill, I think it endangers her…. She should have been told exactly what effects [the morning-after pill has] that could be physically harmful to her." (Plaintiff's counsel, January 14, 2010 initial pretrial conference.) Plaintiff thus argues that Defendants acted negligently in providing the daughter with the morning-after pills allegedly without informing the daughter of potential side-effects. Plaintiff's cause of action for negligence fails for two reasons: first, he fails to allege a prima facie case of negligence, and second, he lacks standing to bring a negligence claim.

          a.       **Plaintiff fails to allege a prima facie case of negligence**

With respect to the first reason, although Plaintiff contends that the daughter "should have been told [by Defendants]" what the side effects of the morning-after pill are, Plaintiff fails to allege that the daughter actually suffered any side effects. Accordingly, because Plaintiff fails to assert any damages, he fails to state a cause of action for negligence. Lone Star Bakery, Inc. v. U.S., 2009 WL 383346 (5th Cir. 2009) ("In Texas, the elements of negligence 'are the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach.'") (citing IHS Cedars Treatment Center of DeSoto, Texas, Inc. v. Mason, 143 S.W.3d 794, 798 (Tex. 2004)) Plaintiff's unsupported assertion that Defendants acted with negligence cannot withstand Defendants' motion to dismiss. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." (citations omitted.) Taylor v. Books a Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002).

### b.     Plaintiff lacks standing to bring a negligence action

With respect to the second reason, even if Plaintiff were to allege a prima facie case for negligence, Plaintiff lacks standing to bring such a suit.  As Plaintiff's counsel admitted during the initial pretrial conference, Plaintiff is bringing this suit on his own behalf.  His daughter is not a party to this suit and he is not bringing this suit as her "next friend."  To meet the standing requirements, a "plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Raines v. Byrd, 521 U.S. 811, 818 (1997) (citing Allen v. Wright, 468 U.S. 737, 751 (1984))  The Supreme Courts notes that it has "consistently stressed that a plaintiff's complaint must establish that he has a 'personal stake' in the alleged dispute, and that the alleged injury suffered is particularized to him." Raines v. Byrd, 521 U.S. 811, 819 (1997).  Further, the Supreme Court has explained, "the alleged injury must be legally and judicially cognizable.  This requires, among other things, that the plaintiff have suffered 'an invasion of a legally protected interest which is … concrete and particularized.' Raines v. Byrd, 521 U.S. 811, 818 (1997) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).  In this case, because Plaintiff fails to allege that the daughter suffered any actual side-effects from the morning-after pill, the daughter's damages are entirely speculative. (D.E. 1, Ex. 1.)  But even assuming that the daughter did suffer damages, Plaintiff still lacks standing to bring this negligence claim because he has alleged no injuries to himself. See Raines, 521 U.S. at 819.

### 2.     Public Nuisance

Plaintiff contends that Defendants are a public nuisance because the "activity" that Defendants engage in interferes with a "parent's right to guide his child in a moral

fashion" and interferes with "the moral standards of the community." (Plaintiff's counsel, January 14, 2010 initial pretrial conference.)  Under Texas law, a public nuisance "is maintained by act, or by failure to perform a legal duty, intentionally causing or permitting a condition to exist which injures or endangers the public health, safety or welfare." Barrett v. Atlantic Richfield Co., 95 F.3d 375, 383 (5th Cir. 1996) (citing LJD Properties, Inc. v. City of Greenville, 753 S.W.2d 204, 207 (Tex-App.-Dallas 1988, writ denied)).  Neither in his complaint nor during the initial pretrial conference was Plaintiff's counsel able to allege the factual basis on which Defendants' activities could be said to constitute a public nuisance.  In fact, Plaintiff's counsel, when asked during the initial pretrial conference to explain his public nuisance claim, was unable to name the elements of a public nuisance.  "Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions…." (citations omitted.) Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  The Court does "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." Plotkin v. IP Axess Inc., 407 F.3d 690, 696 (5th Cir. 2005).  As such, Plaintiff has failed to state a claim for public nuisance for which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

        3.    **Parental rights claim**

Plaintiff bases his third cause of action, his parental rights claim, on the grounds that Defendants failed to obtain parental consent before allegedly providing the morning-after pill to Plaintiff's daughter.  Plaintiff offers no other factual basis for this claim.  Further, Plaintiff provides no legal basis for this claim.  Indeed, when Plaintiff's counsel was asked at the initial pretrial conference to provide authority for this cause of action, he

stated, "I thought it was so basic I didn't bother to do research." Plaintiff has thus failed to state a claim for which relief can be granted for each of the three causes of action asserted, pursuant to Federal Rule of Civil Procedure 12(b)(6).

### III.   Conclusion

For the reasons set forth above, this Court hereby GRANTS Defendants' motion to dismiss and DISMISSES this action, pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.E. 13.)

SIGNED and ORDERED this 26th day of January, 2010.

_____
Janis Graham Jack
United States District Judge